JOHN H. PODESTA, ESQ. [SBN 154706]
BRANSON, BRINKOP, GRIFFITH & STRONG, LLP
643 Bair Island Road, Suite 400
Redwood City, California 94063
Telephone: (650) 365-7710
Facsimile: (650) 365-7981
E-Mail: jpodesta@bbgslaw.com

Attorneys for Plaintiff, **PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG A Risk Retention Group**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG, a Risk Retention Group<br><br>Plaintiff<br><br>vs.<br><br>TIMBERSTONE CONSTRUCTION, INC., a California Corporation; AL HARRIS, JOEL MALONEY, AND DOES 1-25, INCLUSIVE,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR DECLARATORY RELIEF (28 U.S.C. 2201 AND 28 U.S.C. 1332)** |

Plaintiff, PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG ("PROBUILDERS") alleges as follows:

1. This is an insurance coverage action for Declaratory Relief pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. §2201, and this action is between citizens of different states.

2. PROBUILDERS seeks a Declaration of rights, duties and liabilities of the parties under insurance policies issued to Defendant, TIMBERSTONE CONSTRUCTION, INC., a California Corporation ("TIMBERSTONE").

1

COMPLAINT FOR DECLARATORY RELIEF

3. PROBUILDERS also seeks a Declaration of rights binding on potential third party claimants under the subject policies, AL HARRIS ("HARRIS") and JOEL MALONEY ("MALONEY"). HARRIS filed underlying construction defect action against TIMBERSTONE titled Harris v. Timberstone Construction, Inc., et al., filed in Nevada County Superior Court, State of California, bearing case No. T09/3402C ("HARRIS ACTION"). The underlying complaint in the HARRIS ACTION is attached hereto as **EXHIBIT 1** and incorporated herein by reference. MALONEY filed underlying construction defect action against TIMBERSTONE titled Maloney v. Timberstone Construction, Inc., et al., also filed in Nevada County Superior Court, State of California, bearing case No. T09/3363C ("MALONEY ACTION"). The underlying complaint in the MALONEY ACTION is attached hereto as **EXHIBIT 2** and incorporated herein by reference. Both, HARRIS ACTION and MALONEY ACTION are being prosecuted by the same counsel, Van Dyke Law Group in Truckee, California.

## THE PARTIES

4. Plaintiff PROBUILDERS, is a Risk Retention Group, organized and existing under the laws of the District of Columbia, with its principal place of business in Atlanta, Georgia.

5. Defendant TIMBERSTONE is a California Corporation with its principal place of business at 6921 Tahoe Boulevard #12, Tahoe Vista, California 96148.

6. HARRIS and MALONEY are individuals. Plaintiff is informed and believes and thereon alleges that all individuals are residents of the State of California.

## JURISDICTION

7. This Court has jurisdiction over this matter on the following bases.

8. The parties are citizens of different states – Plaintiff PROBUILDERS is Chartered in the District of Columbia, having its principal place of business in Atlanta, Georgia. Plaintiff is informed and believes that TIMBERSTONE is a California business and that HARRIS and MALONEY are California Residents. The properties, which are the subject of HARRIS

ACTION (10989 Ghirard Road, Truckee, California) and MALONEY ACTION (11550 Bottcher Loop, Truckee, California) are also located in the Eastern District of California. Furthermore, Plaintiff is informed and believes that the dollar amount in controversy is at least $75,000, in alleged defense and investigation costs, and damages claimed by HARRIS and MALONEY against TIMBERSTONE. Therefore, the diversity and amount in controversy requirements of 28 U.S.C. §1332 are met.

9. An actual controversy has arisen between PROBUILDERS and Defendants in that Defendants claim a right to insurance proceeds under PROBUILDERS' insurance policies issued to TIMBERSTONE for liability TIMBERSTONE may incur in the HARRIS ACTION and MALONEY ACTION.

10. Venue is proper as properties are located in Truckee, California; TIMBERSTONE has its principal place of business in Tahoe Vista, California; and the HARRIS ACTION and MALONEY ACTION are pending in the Superior Court of California, County of Nevada, California. Accordingly, litigating this matter within this district and division is convenient to all involved.

11. This civil action will settle all aspects of the insurance controversy between the parties hereto.

12. Jurisdiction is therefore appropriate under the Uniform Declaratory Judgment Act, 28 U.S.C. §2201.

### THE RELEVANT INSURANCE POLICIES

13. PROBUILDERS issued three policies to Defendant TIMBERSTONE as the named insured: Policy No. NB 5010359, effective July 6, 2006 to 2007; ARG 5015771, effective July 1, 2007 to 2008; and ARG 5020204, effective July 6, 2008 to 2009 ("PROBUILDERS POLICIES"). A copy of each of the policies is attached hereto as **Exhibit 3, Exhibit 4,** and **Exhibit 5**, respectively, and incorporated herein by reference.

14. These contracts of insurance were issued, negotiated, executed, delivered and performed in California. These exhibits contain the operative contractual language upon which PROBUILDERS bases its allegations and seeks relief and damages herein.

## FACTS COMMON TO CAUSES OF ACTION

15. On or about March 3, 2009, HARRIS filed the HARRIS ACTION against TIMBERSTONE alleging that he entered into a written construction agreement with TIMBERSTONE, wherein TIMBERSTONE agreed to act as a general contractor in constructing HARRIS's Truckee, California property. HARRIS further alleged that TIMBERSTONE breached the contract and/or was negligent in constructing the subject property. *As of April 24, 2009, however, HARRIS was no longer the subject property's legal or equitable owner, as the property was sold at a trustee's sale on that date; the notice of sale, in fact was recorded on February 20, 2009, prior to the filing of the HARRIS ACTION.* At the time of trial on the HARRIS ACTION, HARRIS' recovery as it relates to construction defects will be limited to any provable economic loss he sustained at the sale of the property that was caused by the acts of TIMBERSTONE as a matter of California law.

16. On or about January 30, 2009, MALONEY filed the MALONEY ACTION against TIMBERSTONE alleging that he entered into a written construction agreement with TIMBERSTONE, wherein TIMBERSTONE agreed to act as a general contractor in constructing MALONEY's Truckee, California property. MALONEY further alleged that TIMBERSTONE breached the contract and/or was negligent in constructing the subject property, and that he sustained losses as a result of increased costs to complete construction and/or repair of allegedly defective construction. *However, as of April 2, 2010, MALONEY is no longer the subject property's legal or equitable owner, as the property was sold to another buyer on that date.*

17. TIMBERSTONE tendered the defense and indemnity of both, HARRIS ACTION and MALONEY ACTION, to PROBUILDERS.

18. NBIS Claims and Risk Management, on behalf of PROBUILDERS, acknowledged receipt of tenders and, subsequently, agreed to defend TIMBERSTONE in

COMPLAINT FOR DECLARATORY RELIEF

HARRIS ACTION and MALONEY ACTION under the PROBUILDERS POLICIES, subject to full and timely reservation of rights to deny any duty to indemnify and to seek reimbursement of defense costs and/or settlement expenses.

19. The alleged expenses incurred by MALONEY or HARRIS to complete and/or repair the MALONEY house or the HARRIS house are not covered under the PROBUILDERS POLICIES because, inter alia:

    **a.** The PROBUILDERS POLICIES contain the following Exclusion:

J. DAMAGE TO PROPERTY

**Property damage** to:

…

(5) Any real property on which **you** of any contractors or subcontractors working directly or indirectly on **your** behalf are performing operations, if the **property damage** arises out of those operations except that, if **you** are not a general contractor or developer of real property, then this exclusion applies only to the particular part of the real property on which **you** or others working directly or indirectly on **your** behalf are performing the operations; or

(6) Any property that must be restored, repaired or replaced because **your** work was incorrectly performed on it.

…

Paragraph (6) of this exclusion does not apply to **property damage** included in the **products-completed operations hazard**.

For purposes of paragraph (5), **you** or any contractors or subcontractors working directly or indirectly on **your** behalf shall be deemed to be "performing operations" from the time when **you** or the contractors or subcontractors begin work until such operations are complete as set forth in paragraph 14.b. of SECTION V – DEFINITIONS – **(Products-Completed Operations Hazard)**.

    **b.** The PROBUILDERS POLICIES contain the following exclusion:

Q. EARTH MOVEMENT EXCLUSION

COMPLAINT FOR DECLARATORY RELIEF

**Bodily injury** or **property damage** arising from aggravated by, or as a consequence of earth movement, whether the earth movement is combined with any other cause. As used in this exclusion, the term earth movement includes, but is not limited to, earthquake, landslide, subsidence, mudflow, sinkhole, erosion, or the sinking, rising, shifting, expanding or contracting of earth or soil.

This Exclusion applies regardless of the cause or causes of the earth movement and includes defects or negligence in design, construction or materials, or any other event, conduct or misconduct which may have or is claimed to have precipitated, caused or acted jointly, concurrently, or in any sequence with earth movement in causing the **bodily injury** or **property damage**. This exclusion further applies to **bodily injury** and **property damage** arising from the mitigation, repair or avoidance of earth movement.

Notwithstanding **our** duty to defend an insured under SECTION I – COVERAGES, Paragraph 2. INSURING AGREEMENT – DEFENSE of this policy, where a **suit** is based in part upon **bodily injury** or **property damage** which is excluded by this exclusion, and even though damages potentially covered by this policy are also sought, **we** shall have the right, but not the obligation, to defend the **suit**. When **we** elect not to defend an **insured** under SECTION I – COVERAGES, Paragraph 2. INSURING AGREEMENT – DEFENSE in such **suit**, **we** shall reimburse such an **insured** for the **insured's** reasonable attorneys' fees and litigation expenses in accordance with paragraph 15, of SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS.

c. The PROBUILDERS POLICIES require, in order to be covered:

COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. INSURING AGREEMENT – INDEMNITY

a. We will pay those sums that an insured becomes legally obligated to pay as **damages** because of **bodily injury** or **property damage** to which this insurance applies. **We** may at **our** discretion investigate any **occurrence** and settle any **claim** or **suit** that may result. **Our** obligation to pay damages is further limited as provided in SECTION III – LIMITS OF INSURANCE or in SECTION I of the policy titled EXCLUSIONS: COVERAGES A AND B.

COMPLAINT FOR DECLARATORY RELIEF

    b. This insurance applies to **bodily injury** and **property damage** only if:

        (1) The **bodily injury** or **property damage** is caused by an **occurrence** that takes place in the **coverage territory**; and

        (2) The **bodily injury** or **property damage** resulting from such **occurrence** first begins during the policy period.

    All **bodily injury** or **property damage** arising from an **occurrence** shall be deemed to first begin at the time of the first such **bodily injury** or **property damage**, even though the occurrence giving rise to such **bodily injury** or **property damage** may be continuous or involve repeated exposure to the same generally harmful conditions, and even though the nature, type or extent of such **bodily injury** or **property damage** may be continuous, progressive, cumulative, changing or evolving, and regardless of whether such **bodily injury** or **property damage** is known or apparent to any person or **insured**.

    If the date when the **bodily injury** or **property damage** first begins cannot be determined, then the date the **property damage** or **bodily injury** first begins shall be deemed to be the earliest date on which the process, condition or circumstance which led to the **bodily injury** or **property damage** began or was created.

    c. **We** shall have no obligation to indemnify any insured in connection with any suit filed before the policy period, even though the **insured** was not a party to such **suit** at the time it was filed. For purposes of this provision, **suit** includes any actions which are consolidated, or actions which are re-filed between some or all of the same parties, and the initial filing date of the first **suit** shall be used in determining whether the **suit** was filed before the policy period.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS – COVERAGES A AND B.

2. INSURING AGREEMENT – DEFENSE

    a. **We** will have the right and duty to defend **insureds** as defined in Paragraphs 1. and 2. of SECTION II – WHO IS AN INSURED against any **suit** seeking damages to which this insurance applies. However, we shall have no duty or

COMPLAINT FOR DECLARATORY RELIEF

obligation to defend an **insured** as defined in Paragraphs 1. and 2. of SECTION II – WHO IS AN INSURED against any **suit** where any other insurer is obligated to defend the **insured**, and we shall have no duty to contribute or participate in the defense provided by any other such carrier. **Our** duty to defend is further limited as provided below or in SECTION I of the policy entitled EXCLUSIONS: COVERAGES A AND B.

b. **We** have no duty or obligation to defend any **insured** other than **insureds** as defined in Paragraphs 1. and 2. of SECTION II – WHO IS AN INSURED, and in particular no duty to defend **insureds** as defined in Paragraph 3. of SECTION II – WHO IS AN INSURED.

c. We will have no duty to defend an **insured** against any **suit** seeking damages for **bodily injury** or **property damage** to which this insurance does not apply.

…

f. **We** shall have no duty to defend any **suit** in which it is alleged or claim, in whole or in part, that any **bodily injury** or **property damage** began before the policy term.

…

With regard to the MALONEY ACTION, as well as the HARRIS ACTION, PROBUILDERS does not waive the right to rely on other terms and conditions in the PROBUILDERS POLICIES attached as EXHIBITS 3, 4 and 5, which are incorporated herein by reference.

## FIRST CAUSE OF ACTION

### (Declaratory Relief -- HARRIS)

20. PROBUILDERS alleges and incorporates by reference herein each of the allegations above in paragraphs 1 through 18, inclusive.

21. Upon further investigation and discovery in the HARRIS ACTION, based upon the terms contained within the PROBUILDERS POLICIES, and pursuant to applicable law, there is no potential for coverage under the PROBUILDERS POLICIES for the HARRIS

COMPLAINT FOR DECLARATORY RELIEF

ACTION. It is uncontroverted that HARRIS is not the legal or equitable owner of the subject properties because of a loss due to sale.

22. As such, under *Vaughn v. Dame Construction* (1990) 223 Cal. App. 3d 144, HARRIS, as a matter of law, has no standing to assert claims for present damages because of "physical injury to tangible property"; rather, as a matter of law, its claims are limited to provable economic loss caused by a decrease in value of the property at the time of sale. Said economic losses would not constitute "property damage" defined as "physical injury to a tangible property" to qualify for coverage under the PROBUILDERS POLICIES. Accordingly, any recovery by HARRIS against TIMBERSTONE will not be covered under the PROBUILDERS POLICIES.

23. Therefore, for the reason stated in the preceding paragraph, as well as other terms in the PROBUILDERS POLICIES, PROBUILDERS contends that it has no duty to defend or indemnify TIMBERSTONE in the HARRIS ACTION.

24. Defendants contend, however, that PROBUILDERS is obligated to defend and indemnify with regard to the HARRIS ACTION.

25. Therefore, an actual controversy now exists between PROBUILDERS and Defendants concerning their respective rights and obligations under the PROBUILDERS POLICIES issued to TIMBERSTONE.

26. Plaintiff desires a judicial determination and a declaration that it owes no duty to defend and/or indemnify Defendant TIMBERSTONE under the PROBUILDERS POLICIES or, in the alternative, a judicial determination of Plaintiff PROBUILDERS' and Defendants' rights and/or obligations with respect to HARRIS ACTION.

## SECOND CAUSE OF ACTION
### (Declaratory Relief -- MALONEY)

27. PROBUILDERS alleges and incorporates by reference herein each of the allegations above in paragraphs 1 through 26, inclusive.

COMPLAINT FOR DECLARATORY RELIEF

28. Upon further investigation and discovery in the MALONEY ACTION, based upon the terms contained within the PROBUILDERS POLICIES, and pursuant to applicable law, there is no potential for coverage under the PROBUILDERS POLICIES for the MALONEY ACTION. It is uncontroverted that MALONEY is not the legal or equitable owner of the subject property because of a loss due to sale.

29. As such, under *Vaughn v. Dame Construction* (1990) 223 Cal. App. 3d 144, MALONEY, as a matter of law, has no standing to assert claims for present damages because of "physical injury to tangible property"; rather, as a matter of law, its claims are limited to provable economic loss caused by a decrease in value of the property at the time of sale. Said economic losses would not constitute "property damage" defined as "physical injury to a tangible property" to qualify for coverage under the PROBUILDERS POLICIES. Accordingly, any recovery by MALONEY against TIMBERSTONE will not be covered under the PROBUILDERS POLICIES.

30. Therefore, PROBUILDERS contends that it has no duty to defend or indemnify TIMBERSTONE in the MALONEY ACTION.

31. Defendants contend, however, that PROBUILDERS is obligated to defend and indemnify with regard to the MALONEY ACTION.

32. Therefore, an actual controversy now exists between PROBUILDERS and Defendants concerning their respective rights and obligations under the PROBUILDERS POLICIES issued to TIMBERSTONE.

33. Plaintiff desires a judicial determination and a declaration that it owes no duty to defend and/or indemnify Defendant TIMBERSTONE under the PROBUILDERS POLICIES or, in the alternative, a judicial determination of Plaintiff PROBUILDERS' and Defendants' rights and/or obligations with respect to MALONEY ACTION.

WHEREFORE, PROBUILDERS prays for judgment as follows:

1. That this Court enter a declaratory judgment adjudging that PROBUILDERS has no obligation to defend TIMBERSTONE with respect to the Complaint filed in the HARRIS

1  ACTION (Exhibit 1) and/or the Complaint filed in the MALONEY ACTION (Exhibit 2) and
2  that HARRIS and MALONEY are bound by that decision;

3      2.    That this Court enter a declaratory judgment adjudging that PROBUILDERS has
4  no obligation to indemnify TIMBERSTONE with respect to the Complaint filed in the HARRIS
5  ACTION (Exhibit 1) and/or the Complaint filed in the MALONEY ACTION (Exhibit 2) and
6  that HARRIS and MALONEY are bound by that decision;

7      3.    For PROBUILDERS' attorney's fees, costs and disbursements incurred in this
8  litigation; and

9      4.    For such other relief as the Court may deem just and proper.

Dated: August 30, 2010

BRANSON, BRINKOP, GRIFFITH & STRONG LLP

By: _____
JOHN H. PODESTA, ESQ.
Attorneys for Plaintiff,
ProBuilders Specialty Insurance Company RRG, a
Risk Retention Group